**ELECTRONIC FAB TECHNOLOGY CORPORATION, Petitioner,**

v.

**Arletta S. WOOD; Colorado Department of Labor and Employment, Division of Employment and Training and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 87CA0804.**

Colorado Court of Appeals, Div. II.

Dec. 24, 1987.

Perry L. Goorman, Englewood, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz–Hernandez, Asst. Atty. Gen., Denver, for respondents Dept. of Labor & Employment and Industrial Claim Appeals Office.

No appearance for respondent Arletta S. Wood.

SMITH, Judge.

Electronic Fab Technology Corporation, employer, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which awarded unemployment benefits to claimant, Arletta S. Wood. We affirm.

Claimant resigned her position as employer's manufacturing supervisor. The Panel found that claimant quit as a result of health problems caused primarily by an extremely heavy work load. The Panel concluded that claimant was not at fault for her separation because she was physically and mentally unable to perform the heavy work load and awarded full benefits pursuant to § 8–73–108(4)(j), C.R.S. (1986 Repl.Vol. 3B).

On review, employer contends that the Panel's findings and conclusions are not supported by substantial evidence. We disagree.

Here, claimant testified that she had been overworked for at least a year, that she had periodically voiced concerns over the workload and her health to employer, that employer's attempts to remedy the workload through additional personnel and a computer system were unsuccessful, that for several months prior to her resignation she had been under her doctor's care for work-related anxiety and headaches, and that, in compliance with her physician's recommendation, she quit for health reasons.

Employer's representatives, testified, however, that although they knew claimant had suffered from a work overload months earlier, they assumed the problems had been alleviated because claimant had not made further complaints after receiving computer and personnel support. They further testified that they knew claimant had seen her physician several times in the months prior to resigning but claimant never explained to them the extent of her health problem or its alleged causal relationship to work. Consequently, claimant's resignation, based on health-related reasons, was a surprise.

After reviewing the testimony, we conclude that since there is substantial, albeit conflicting, evidence supporting the Panel's findings, we will not disturb them on review. *See In re Claim of Krantz v. Kelran Constructors, Inc.,* 669 P.2d 1049 (Colo.App.1983).

Relying on *Shaw v. Valdez,* 819 F.2d 965 (10th Cir.1987), employer further contends that it was denied due process because it was not given notice of an opportunity to develop or present evidence on whether claimant's physical or mental inability to

perform her job was the result of "insufficient educational attainment or inadequate occupational or professional skills." We disagree.

Pursuant to § 8-73-108(4)(j), an individual may be awarded benefits for "being physically or mentally unable to perform the work or unqualified to perform the work as a result of insufficient educational attainment or inadequate occupational or professional skills." Implicit in employer's contention is the issue whether the qualifying phrase "as a result of insufficient educational or inadequate occupational or professional skills" modifies only the phrase "unqualified to perform the work" or whether it also modifies the phrase "being physically or mentally unable to perform the work."

Generally, a statute is to be construed as a whole to give consistent, harmonious and sensible effect to all its parts. *See Colorado Department of Social Services v. Board of County Commissioners,* 697 P.2d 1 (Colo.1985). Educational, occupational, and professional skills are normally tied to an individual's qualifications to perform a job. Therefore, we conclude that this statute was written in the disjunctive and that the qualifying phrase modifies only the phrase "unqualified to perform the work." Consequently, we hold that, pursuant to § 8-73-104(4)(j), an individual may be awarded benefits either when the individual is physically or mentally unable to perform the work or when the individual is not qualified to perform the work because of insufficient learned skills.

Here, there was evidence to support the findings and conclusion that claimant was physically or mentally unable to perform her work for health-related reasons. Therefore, we conclude that the second qualifying provision of § 8-73-108(4)(j) was inapplicable and that no finding concerning it was necessary. Consequently, we find no merit in claimant's due process argument.

Employer also contends that the Panel erred in not disqualifying claimant pursuant to § 8-73-108(4)(b)(I), C.R.S. (1986 Repl.Vol. 3B). We disagree. Even if we

assume that there was evidence to support the application of this section, since the Panel's decision to apply § 8-73-108(4)(j) was supported by substantial evidence, it will not be disturbed on review. *See Mohawk Data Sciences Corp. v. Industrial Commission,* 660 P.2d 922 (Colo.App.1983).

Order affirmed.

VAN CISE and KELLY, JJ., concur.